Del Rosario v Lexington Bldg. Co., LLC (2019 NY Slip Op 06854)





Del Rosario v Lexington Bldg. Co., LLC


2019 NY Slip Op 06854


Decided on September 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2019

Renwick, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


10058 305351/14

[*1] Joel Del Rosario, Plaintiff,
v
Lexington Building Co., LLC, et al., Defendants-Appellants.
Lexington Building Co., LLC, et al., Third-Party Plaintiffs-Appellants,
v
DPC New York, Inc., Third-Party Defendant-Respondent.
Lexington Building Co., LLC, et al., Second Third-Party Plaintiffs-Appellants,
v
DPC New York, Inc., Second Third-Party Defendant-Respondent.


Ahmuty, Demers & McManus, Albertson (Kevin J. Murtagh of counsel), for appellants.
Stonberg Moran LLP, New York (Kevin A. Hickman of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about December 13, 2018, which granted second third-party defendant's motion to dismiss the second third-party complaint, unanimously reversed, on the law, without costs, and the motion denied.
The motion brought by second third-party defendant (DPC) to dismiss the second third-party complaint was based on a stipulation, dated April 8, 2015, that discontinued the third-party action with prejudice. Third-party and second third-party plaintiffs (Lexington and Winter) opposed the motion on the ground that the stipulation was void, because it was entered into without their knowledge, and the attorneys who signed it did not represent either them or DPC at the time (see CPLR 2104).
In response to DCP's argument that the stipulation is a complete defense to Lexington and Winter's claims against it, there are issues raised about the validity of the stipulation, including whether the attorneys purporting to sign the stipulation had authority to do so. A consent to change attorneys executed before the stipulation was signed is sufficient to preclude dismissal of the claim at this time. At trial, the circumstances of the execution of the stipulation can be explored. The affidavits submitted by Lexington and Winter do not provide any information about what happened when the stipulation was signed, and there is no affidavit in the record by either of the attorneys who signed the stipulation and no explanation of the fact that the attorney who signed on Lexington and Winter's behalf had signed a consent to change attorneys approximately four months earlier.
We note that issues regarding whether the stipulation should be enforced, based on estoppel or ratification arising from
Lexington and Winter's subsequent actions in continuing to litigate the matter should also be [*2]resolved at trial.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED:
CLERK